

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00392-CR

ERNEST BUTCH
SEXTON

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ernest Butch Sexton pleaded guilty to failure to register as a sex offender in exchange for six months' confinement in state jail, and the trial court entered judgment on this plea bargain on May 18, 2010. Because Sexton did not file a motion for new trial, his notice of appeal was due June 17, 2010. *See* Tex. R. App. P. 26.2(a)(1). Sexton did not file his notice of appeal until September 17, 2010. Additionally, the trial court's certification of defendant's right of appeal

---

[1]*See* Tex. R. App. P. 47.4.

states that this case "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

On September 17, 2010, we notified Sexton of our concern that we lacked jurisdiction over this appeal based on the untimeliness of his notice of appeal and the trial court's certification. We informed him that we would dismiss the appeal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by September 27, 2010. *See* Tex. R. App. P. 44.3. We have received no response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210. Furthermore, because Sexton plea-bargained, he was subject to limitations on his right to appeal as set out in the trial court's certification. *See* Tex. R. App. P. 25.2(a)(2)(A), (B).

Because Sexton's notice of appeal was untimely and because the trial court's certification reflects that Sexton has no right of appeal or has waived his right of appeal, we have no basis for jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  MCCOY, MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 4, 2010